**NOT FOR PUBLICATION**

```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| AMAL G. SEDHOM, | CIVIL ACTION NO. 09-1397 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| CITY OF TRENTON, |  |
| Defendant. |  |

**THE COURT** ordering the parties to show cause why the action should not be stayed (dkt. entry no. 3, Order to Show Cause ("OTSC")); and it appearing that the plaintiff's employer, the City of Trenton, terminated the plaintiff's employment on January 23, 2009 (dkt. entry no. 1, Compl. at 1); and the plaintiff bringing this action in state court on the same day, inter alia, to recover damages under 42 U.S.C. § 1983 (id. at 2); and the plaintiff alleging that "Plaintiff has requested a review and appeal of this decision at the administrative level but, to date, Defendant has failed and refused to schedule further proceedings in this matter" (id. at 1 (found in ¶ 5 thereon)); and the defendant (1) removing the action, and (2) stating that it has insufficient knowledge to admit or deny the aforementioned allegation (dkt. entry no. 1, Rmv. Not.; dkt. entry no. 2, Answer at 2); and the defendant's response being less than informative; and

**THE COURT** being concerned that the subject matter of this action is the subject matter of a proceeding that has been instituted before either (1) a state appellate court, or (2) a state administrative body, see L.Civ.R. 11.2 (requiring party to advise whether matter in controversy is subject of, inter alia, court action, arbitration, or administrative proceeding elsewhere); and

**IT APPEARING** that a district court should abstain from exercising jurisdiction in an action if there are (1) state proceedings that are related and pending, (2) important state interests implicated therein, and (3) adequate opportunities to raise federal claims therein, Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971); and it also appearing that a district court should stay a federal action — rather than dismiss the complaint — if the state proceedings are administrative in nature, in order to assure that the federal claims are actually resolved, Gwynedd Props. v. Lower Gwynedd Twp., 970 F.2d 1195, 1204 & n.14 (3d Cir. 1992) (stating district court is without discretion to dismiss, rather than stay, monetary-relief claim that may not be redressed in state proceeding); Bongiorno v. Lalomia, 851 F.Supp. 606, 610-17 (D.N.J.) (staying action sua sponte, rather than dismissing complaint, as monetary-damage claim might not be resolved in pending state proceeding), aff'd,

39 F.3d 1168 (3d Cir. 1994) (table decision); and it appearing that a state administrative proceeding is considered to be a "proceeding" under Younger, see Zahl v. Harper, 282 F.3d 204, 209 (3d Cir. 2002) (stating same); N.J.Ct.R. 2:2-3 (setting forth procedure for further review); and the Court thus advising the parties of the intention to stay the action, and setting forth all of the reasons for a stay (see OTSC at 1-3); and

**IT APPEARING** that "[a]s of June 30, 2008, the Merit System Board has been replaced by the Civil Service Commission", In re Rivera, No. A-3672-07T2, 2009 WL 804462, at *1 n.1 (N.J. App. Div. Mar. 30, 2009); see N.J.S.A. §§ 11A:2-1, 11A:11-1; see also N.J.S.A. § 11A:11-3 (stating, inter alia, any law, rule, or regulation referring to Merit System Board shall mean Civil Service Commission); and

**THE DEFENDANT** now advising the Court that (1) "[o]n or about December 29, 2008, Plaintiff, along with other affected individuals, filed a group appeal with the New Jersey Civil Service Commission", (2) "[t]his action is still pending", and (3) it "acknowledges that the subject matter herein is also the subject matter of litigation pending before a State administrative agency" (dkt. entry no. 4, Def. Resp. at 1-2); and

**THE COURT** thus intending to (1) grant the Order to Show Cause, and (2) issue a stay and administratively terminate this action with leave to the parties to move to reopen when

appropriate, pending disposition of the related proceeding through the administrative and appellate levels; and the Court advising the parties that an order administratively terminating an action is not the equivalent of a dismissal of a complaint with prejudice, and is issued pursuant to the Court's inherent power to control the docket and in the interests of judicial economy, see Delgrosso v. Spang & Co., 903 F.2d 234, 236 (3d Cir. 1990) (stating administrative termination not final determination, as it "permits reinstatement and contemplates the possibility of future proceedings", and "does not purport to end litigation on the merits"); and the Court addressing the Order to Show Cause before the return date, as the Court should abstain now; and

**THE COURT** noting the defendant's request for the Court to permit it to move for summary judgment first (see Def. Resp. at 2-3); but it appearing that the request is without merit, as it is contrary to the law and reasoning presented above, and thus the request is denied; and for good cause appearing, the Court will issue an appropriate order and judgment.

                                          s/ Mary L. Cooper
                                          **MARY L. COOPER**
                                          United States District Judge

Dated:  April 22, 2009